In re PHILO FILMS CORPORATION, a Corporation, Debtor.

PHILO FILMS CORPORATION, a Corporation, Plaintiff,

v.

The NEW YORK YANKEES, a Limited Partnership and George M. Steinbrenner, III, a General Partner of The New York Yankees, Defendants.

Bankruptcy No. 87–43639–172.
Adv. No. 88–4192–172.

United States Bankruptcy Court,
E.D. Missouri, E.D.

April 17, 1992.

Peter D. Kerth, Clayton, Mo., for New York Yankees.

Charles W. Riske, Clayton, Mo., trustee.

Cyril J. Clancy, Kirkwood, Mo., for trustee.

Joel Lewittes, New York City.

John C. Ertmann, New York Yankees, Yankee Stadium, Bronx, N.Y.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

The matter before the Court is the motion of the Defendant, the New York Yankees, for summary judgment filed in response to Plaintiff/Debtor's complaint for breach of contract and interference with a business relationship. The pertinent facts are set out below.

Plaintiff/Debtor, Philo Films Incorporated, voluntarily filed for relief under Chapter 11 of the United States Bankruptcy Code on December 10, 1987. The case was converted to Chapter 7 on June 5, 1989. Prior to filing for bankruptcy Plaintiff and Defendant entered into two contracts regarding the production, marketing and distribution of a movie video about the New York Yankees baseball team. Based on these business dealings Plaintiff filed a four count complaint alleging breach of contract, tortious interference with contractual relations and fraudulent misrepresentation. These actions allegedly resulted in lost profits for the Plaintiff. In its complaint, the Plaintiff also objected to the allowance of the Defendant's claims, and demanded turnover of money that the Plaintiff alleges is held by the Defendant. Plaintiff has argued that the money is property of the bankruptcy estate.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* F.R.C.P. 56, as made applicable by Bankruptcy Rule 7056.

The main issue in this proceeding is whether or not Plaintiff can establish that it lost profits due to Defendant's actions. Defendant argues that Plaintiff can-not establish this without proof of earned profits prior to the alleged breach of contract. Defendant further argues that Plaintiff cannot prove prior earned profits because Plaintiff has lost money on all of its sports videos. Although the Plaintiff has acknowledged that this argument is correct, it submits that consideration must be given to two profit producing films made by Larry Miller, a principal in Philo Films Incorporated, prior to the formation of the debtor corporation.

The parties agree that Missouri law is to be applied here. Missouri courts have been clear on the question of when anticipated profits are allowed.

> The general rule as to recovery of anticipated profits of a commercial business is that they are too uncertain and dependent upon changing circumstances to warrant a judgment for their recovery. In the case of an established business, however, anticipated profits may be recovered where the Plaintiff makes it reasonably certain by competent proof what they would have been. It is indispensable that this proof include the income and expenses of the *business* for a reasonable anterior period, with a consequent establishing of the net profits during the previous period. (emphasis added)

*Brown v. McIBS, Inc.,* 722 S.W.2d 337, 341 (Mo.App.1986) citing *Anderson v. Abernathy,* 339 S.W.2d 817, 824 (Mo.1960).

For the Plaintiff to recover under Missouri law, it may present proof of income and expenses of an established business. Therefore, this Court holds that Plaintiff would be allowed to introduce evidence of the profits of the two films made prior to the formation of Philo Films Incorporated. This evidence shows the business of producing and distributing sports films, and this business was in operation before the official formation of Philo Films Incorporated. The record suggests that the evidence of the profits and losses prior to formation of the corporation may serve as evidence in determining Defendant's liability and the measure of damages if Defen-

**14**

dants are in fact found liable. Thus, there exists a material issue of fact as to whether Plaintiff can establish lost profits as a result of Defendant's actions. Therefore,

IT IS ORDERED that Defendant's motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that, in view of the Court's determinations set out herein, and in view of the fact that the evidence of the profits (or losses) from the two films made prior to the formation of Philo Films Incorporated is admissible in a trial of this proceeding, the parties are instructed to continue their attempts to settle this matter without the necessity of a trial.